Filed 2/22/24  Rodriguez v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JONATHAN RODRIGUEZ, | |
| Petitioner, | E082288 |
| v. | (Super.Ct.No. CVRI2105886) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| HOLLY SANDERS et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Irma Poole Asberry, Judge.  Petition denied.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Alice Quinton and Melissa A. Lewis, Deputy Attorneys General, for Petitioner.

No appearance for Real Party in Interest California Department of Corrections and Rehabilitation, California Institution for Women.

1

No appearance for Respondent.

McCune Wright Arevalo Vercoski, Kusel Weck Brandt and Joseph L. Richardson for Real Party in Interest Holly Sanders.

Real party in interest Holly Sanders (Employee) sued (1) her employer, real party in interest California Department of Corrections and Rehabilitation (Employer), and (2) her supervisor, petitioner Jonathan Rodriguez (Supervisor). The causes of action against Supervisor included intentional and negligent infliction of emotional distress. Supervisor moved for summary judgment on the basis that Employee failed to comply with the filing deadlines under the Government Claims Act (Gov. Code, § 810 et seq.).[1] Specifically, Supervisor asserted that Employee filed her claim form late (§ 911.2, subd. (a)), and she filed her lawsuit prematurely (§ 911.6, subds. (a) & (c)). The trial court denied the motion. Supervisor contends the trial court erred by denying the motion. We deny the petition.

## FACTS

A.  TRANSFER AND INVESTIGATION OF EMPLOYEE

On December 26, 2020, Supervisor requested that the warden of the California Institution for Women transfer Employee from working as a guard at a conservation camp to a position in a prison and that Employee be prohibited from working at a conservation camp. Supervisor accused Employee of "serious misconduct; specifically, Overfamiliarity with inmates, Theft of State Property, and Endangering the Public," and

---

[1] All subsequent statutory references will be to the Government Code unless otherwise indicated.

2

contended Employee "requires a constant and higher level of supervision that can only be achieved within an institutional setting," i.e., a prison.

On January 11, 2021, Employee was notified that effective January 13, 2021, she would be reassigned "from Puerta La Cruz Conservation Camp . . . to the California Institution for Women (CIW) pending a personnel investigation." On January 22, 2021, "Warden Mona Houston [of CIW] requested the Office of Internal Affairs . . . conduct an investigation into allegations of misconduct against [Employee]." The investigation was authorized by the Office of Internal Affairs on February 24, 2021. On July 29, 2021, Employee sat for an investigatory interview.

On September 13, 2021, the Government Tort Claims Program (the Program) received Employee's government claim form against Supervisor. In an attachment to the form, dated September 1, 2021, Employee wrote, "[Employee] continues to suffers severe emotional distress, shock, mental anguish, anxiety, and fear due to the continuing investigation. She was forced to prepare for [and] defend herself in an investigation interview that took place on July 29, 2021, causing further mental anguish."

In November 2021, Warden Houston sent Employee a letter letting her know the investigation, which started in February 2021, had finished and none of the allegations against Employee were sustained. Employee was further informed that effective November 12, 2021, she could resume her work at the conservation camp.

On February 10, 2022, in response to Employee's claim form, the Program sent Employee a letter explaining that the Program would notify Employee "of the final determination regarding the timely portion of the claim." The exhibits do not include a

final determination by the Program regarding Employee's claim form.  (§§ 911.3, subd. (a), 913, subds. (a) & (b).)

B.    LAWSUIT

Employee sued Employer and Supervisor.[2]  In a first amended complaint, against Supervisor, Employee alleged intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED).  Within both causes of action, Employee alleged that she "was forced to prepare for [and] defend herself in an investigation interview that took place on July 29, 2021." Employee asserted she "suffered from going through that investigation."  Employee alleged that she "filed the prerequisite government claim as required under law, which was deemed rejected by operation of law on November 12, 2021."

C.    SUMMARY JUDGMENT MOTION

Supervisor moved for summary judgment arguing:  "(1) [Employee] failed to comply with the Government Claims Act; (2) the causes of action are barred by the workers' compensation exclusivity rule; (3) some of the alleged conduct occurred outside of the statute of limitations; [and] (4) the alleged conduct remaining is insufficient to support these causes of action."

In the portion of the motion concerning Employee's alleged failure to timely file her claim form, Supervisor argued, "[T]he last date [Employee] worked with

---

[2]  The exhibits do not include either a copy of Employee's original complaint or a register of actions.  However, Supervisor asserts that Employee filed her original complaint on November 30, 2021.  The exhibits also do not include a conformed copy of Employee's first amended complaint.

[Supervisor] was December 23, 2020.  Thus, her claim was due by June 23, 2021." (Fn. omitted.)

In the separate statement of undisputed material facts, Supervisor wrote the following fact:  "[Employee] believes that she has suffered emotional distress in the form of stress, elevated blood pressure, panic attacks, hair loss, weight gain, and sleeplessness because of [Supervisor's] conduct.  [Employee] stated it was the worst in May or June 2021, but it continued as of the date of her deposition in November 2022."

### D.    OPPOSITION

In opposing the motion for summary judgment, Employee asserted that her claims against Supervisor were "within the statute of limitations" because her "claims for IIED and NIED did not accrue until she experienced severe emotional distress as the result of [Supervisor's] actions."

## DISCUSSION

### A.    STANDARD OF REVIEW

On summary judgment, Supervisor bore the burden of establishing that he "is entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subd. (c); *Delgala v. John Stewart Co.* (2023) 88 Cal.App.5th 158, 166.)  We apply the de novo standard of review, which means "we are not bound by the trial court's stated reasons or rationales."  (*Atalla v. Rite Aid Corp.* (2023) 89 Cal.App.5th 294, 307.)

"To decide whether summary judgment was properly granted, we engage in the same analysis that was required of the trial court.  [Citation.]  Since [Supervisor] moved for summary judgment based on the affirmative defense of the statute of limitations,

5

[Supervisor has] the 'burden of persuasion' on that point, meaning [he] must convince the court that no reasonable trier of fact could find in [Employee's] favor on the statute of limitations issue. [Citation.] To accomplish that, [Supervisor] must first present evidence establishing that [Employee's] claims are time barred." (*The Police Retirement System of St. Louis v. Page* (2018) 22 Cal.App.5th 336, 340.) "Once the defendant has met that burden, the burden shifts to the plaintiff." (*Claudio v. Regents of the University of California* (2005) 134 Cal.App.4th 224, 229.)

B.    CLAIM FORM TIMELINESS

The Government Claims Act applies to "all claims for money or damages against local public entities." (§ 905.) A personal injury claim must be presented "not later than six months after the accrual of the cause of action."[3] (§ 911.2, subd. (a).) A cause of action accrues on "the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by

---

[3] In regard to claims against employees—as opposed to entities—the law provides, "[A] claim need not be presented as a prerequisite to the maintenance of an action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee." (§ 950.)

However, "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division." (§ 950.2.)

We apply the law concerning entities, in this case against Supervisor, because if the case cannot proceed against the entity, then it cannot proceed against Supervisor. We note the statutory language reads as "is barred," rather than "could be barred," but we need not resolve that issue in this case. Instead, we will proceed as though the six-month deadline for public entities applies in this case.

6

the public entity." (§ 901.) "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' " (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806-807.)

"The elements of a cause of action for IIED are as follows: (1) defendant engaged in extreme and outrageous conduct (conduct so extreme as to exceed all bounds of decency in a civilized community) with the intent to cause, or with reckless disregard to the probability of causing, emotional distress; and (2) as a result, plaintiff suffered extreme or severe emotional distress." (*Berry v. Frazier* (2023) 90 Cal.App.5th 1258, 1273.) "Severe emotional distress means ' "emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." ' " (*Potter v. Firestone Tire & Rubber Co.* (1993) 6 Cal.4th 965, 1004.)

Supervisor's separate statement of undisputed material facts reflects that Employee's emotions allegedly reached the extreme or severe level in May or June 2021. If Employee's emotional distress became severe in May 2021, then she had until November 2021 to file her claim form because that is when all the elements of her cause of action were complete. Employee filed her claim form on September 13, 2021. Therefore, Employee's claim form was timely. Because the claim form was timely, summary judgment was properly denied on this issue.

In Supervisor's motion for summary judgment, he asserted that Employee's last day of work with Supervisor was on December 23, 2020, so "her claim was due by June 23, 2021." (Fn. omitted.) Supervisor's assertion that Employee's cause of action

7

accrued on the day they stopped working together lacks merit because it fails to address the extreme distress element of the cause of action. Therefore, Supervisor's argument in favor of using June 23, 2021, as the accrual date is not persuasive.[4]

C.    PREMATURE LAWSUIT

Next, in Supervisor's motion for summary judgment, he contended that Employee's lawsuit was premature because it was filed "on November 30, 2021[5], but [Employer] had not yet acted on her claim. Rather, [Employer] did not reject her Claim until February 10, 2022."

Contrary to Supervisor's position, Employee's claim was not rejected on February 10, 2022. Rather, the letter dated February 10, 2022, provides that the Program staff would notify Employee "of the final determination regarding the timely portion of the claim." There is nothing in the record indicating that the Program made a final determination on Employee's claim. (§§ 911.3, subd. (a), 913, subds. (a) & (b).) When no action is taken on a claim, then it is rejected by operation of law 45 days after it is filed. (§ 912.4, subds. (a) & (c).)

Supervisor asserts that Employee's claim was filed on September 13, 2021, and Employee's lawsuit was filed on November 30, 2021. There are approximately 11

---

[4] We need not analyze the NIED cause of action because if the IIED cause of action was timely, then summary judgment was properly denied. (*Robertson v. Wentz* (1986) 187 Cal.App.3d 1281, 1287 [for summary judgment to be entered, all causes of action must be found lacking].) Supervisor did not alternatively move for summary adjudication of either cause of action.

[5] Due to the lack of a register of actions and conformed copies, in some instances, we rely on the dates provided in the parties' briefing.

8

weeks between those two dates, which means 45 days had passed, so Employee's claim had been rejected by operation of law by the time she filed her lawsuit. In Employee's first amended complaint, she made that exact assertion: "[Employee] also filed the prerequisite claim as required under law, which was deemed rejected by operation of law on November 12, 2021." Because Employee's claim was rejected prior to the filing of her lawsuit, her lawsuit was not premature. Accordingly, Supervisor has failed to establish he is entitled to a judgment on this issue.

At oral argument in this court, Supervisor faulted this court for not discussing an untimely claim being rejected by operation of law per section 911.6, subdivision (c). That statute pertains to applications for leave to file a late claim form. (§§ 911.4, 911.6.) As explained *ante*, Supervisor has failed to meet his burden of demonstrating Employee's claim was late. Therefore, we need not address section 911.6 concerning late claims.

### D.    OPPOSITION TO THE MOTION

In Employee's opposition to the motion for summary judgment, one of her arguments was that her compliance with the filing procedures of the Fair Employment and Housing Act (FEHA) was an adequate substitute for complying with the Government Claims Act filing procedures. The trial court agreed with that reasoning in denying the motion.

Supervisor contends the trial court erred by concluding that compliance with FEHA procedures is an adequate substitute for compliance with Government Claims

9

Act procedures. We need not address this issue because we do not review the trial court's reasoning. (*Capra v. Capra* (2020) 58 Cal.App.5th 1072, 1094.)

E.    REMAINING ISSUES

In his writ petition, Supervisor did not seek review of the other issues argued in his motion for summary judgment; he only sought review of the argument pertaining to timing and filing requirements. Accordingly, we do not delve into the other issues raised in Supervisor's motion for summary judgment.

F.    CONCLUSION

In sum, Supervisor failed to establish that he is entitled to judgment as a matter of law. Accordingly, the trial court did not err by denying Supervisor's motion for summary judgment.

**DISPOSITION**

The petition is denied. Real party in interest Holly Sanders is awarded her costs on appeal. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

McKINSTER _____
Acting P. J.

RAPHAEL _____
J.

10